# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-357 (DSD/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| Richard James Gambino (01), | |
| **Defendant**. | |

Andrew Winter, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Paul Applebaum, Applebaum Law Office, 332 Minnesota Street, Suite W1610, St. Paul, Minnesota 55101, for Defendant Richard James Gambino

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned case comes before the undersigned United States Magistrate Judge on Defendant Richard James Gambino's Motion to Suppress Statement (Doc. No. 44).[1] This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

## I. BACKGROUND

An Indictment was filed on October 10, 2007, charging Defendant and four co-defendants with conspiracy to distribute and possess with intent to distribute methamphetamine. This Court held a pretrial motions hearing on January 2, 2008, at which one witness, Ramsey County Deputy Sheriff Christian Freichels, testified. No exhibits were admitted into evidence.

---

[1] The Court will address Defendant's pending non-dispositive motions in a separate Order.

## II.     FACTS

Defendant explained at the beginning of the motions hearing that the sole basis for his motion to suppress was that his statement to the police was the product of an illegal arrest. The following facts were elicited on this issue. In July 2006, Deputy Freichels interviewed Defendant in connection with another criminal matter, and Defendant admitted to selling large amounts of methamphetamine. In August 2007, Deputy Freichels learned from a confidential, reliable informant (CRI) that Defendant was continuing to sell methamphetamine as well as cocaine. This CRI had provided trustworthy, independently corroborated information in the past to Deputy Freichels.

Based on the CRI's information, Deputy Freichels arranged for several recorded phone conversations between the CRI and Defendant regarding drug transactions. On the recordings, Deputy Freichels heard Defendant discuss details such as when he expected the drugs to arrive in town. The recordings also corroborated information that the CRI had given Deputy Freichels about Defendant. In September, the CRI met with Defendant, and Defendant "fronted" four ounces of cocaine to the CRI. Deputy Freichels later recovered this cocaine from the CRI. Deputy Freichels also looked at the CRI's cellular phone call history and saw Defendant's phone number. A few days later, on September 5, 2007, the CRI made a controlled payment of $3500 to Defendant with buy funds furnished by Deputy Freichels. Law enforcement officers viewed this transaction during surveillance.

The surveilling officers also saw two individuals drive away from Defendant's home. The officers stopped the vehicle and recovered methamphetamine from these individuals. The

officers also saw Defendant's phone number on the call histories of the individuals' cellular phones.

Based on these events, Deputy Freichels obtained a search warrant on September 7, 2007, for Defendant's home, vehicle, and person. During the execution of the warrant later that day, officers recovered $5000 in cash from Defendant's person and a scale with methamphetamine residue from his vehicle. Defendant was arrested. After being advised of his Miranda rights, he gave a statement to law enforcement officers.

## III.   DISCUSSION

Defendant argues that his statement should be suppressed because he was arrested without probable cause. "Probable cause to make a warrantless arrest exists when police officers have trustworthy information that would lead a prudent person to believe that the suspect has committed a crime." United States v. Sherrill, 27 F.3d 344, 347 (8th Cir. 1994) (citing United States v. Horne, 4 F.3d 579, 589 (8th Cir. 1993)). In determining the existence of probable cause, the Court must consider the totality of the circumstances. Id. (citing United States v. Wilson, 964 F.2d 807, 809 (8th Cir. 1992)).

The Court finds that probable cause clearly existed to arrest Defendant. Approximately a month before the arrest, a CRI told Deputy Freichels that Defendant was selling methamphetamine and cocaine. The CRI had provided reliable information in the past to law enforcement, and officers independently corroborated information given by the CRI about Defendant. A short time before Defendant's arrest, the CRI participated in several recorded phone conversations with Defendant during which they discussed arrangements for a drug transaction. Deputy Freichels heard Defendant discuss details such as when he expected the

drugs to arrive. With the aid of Deputy Freichels, the CRI then participated in a narcotics transaction with Defendant, receiving cocaine and, in a controlled payment, paying Defendant $3500 for the cocaine. Finally, a scale with methamphetamine residue was seized from Defendant's vehicle during the execution of a search warrant. Based on all of the information known to the police, the Court concludes there was ample reason for a prudent person to believe that Defendant had committed a crime. Accordingly, the arrest was supported by probable cause, and the motion to suppress the subsequent statement should be denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Richard James Gambino's Motion to Suppress Statement (Doc. No. 44) be **DENIED**.

Dated: January 7, 2008

      s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 22, 2008 , a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.