```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
          Criminal No. 07-357(1)(DSD/SRN)
```

United States of America,

       Plaintiff,

v.                                                            **ORDER**

Richard James Gambino,

       Defendant.

    Andrew S. Dunne, United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Richard James Gambino, FCI - 08244-041, P.O. Box 9000, Safford, AZ 85548, pro se.

This matter is before the court upon the motion by defendant Richard James Gambino for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On January 24, 2008, Gambino pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Gambino's offense level was 32 based on the offense itself. However, Gambino also had prior felony convictions for drug offenses and crimes of violence, making him a career offender. Accordingly, his offense level was increased to 37 under U.S.S.G. § 4B1.1. Gambino received a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a final offense level of 34. The court sentenced Gambino on May

27, 2008, to a term of imprisonment of 188 months, followed by five years of supervised release.

Gambino now moves for a reduction in his total sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. The government opposes the motion, arguing that the amendment does not apply to Gambino given his career offender status. The court agrees.

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. app. C, amend. 782. The two-level reduction is not applicable, however, where, as in this case, the defendant was sentenced as a career offender and the amendment did not lower the sentencing range. United States v. Thomas, 775 F.3d 982 (8th Cir. 2014) (holding that a career offender was not eligible for a sentence reduction under § 3582(c)(2) because "Amendment 782 ... did not lower the sentencing range established for a career offender by § 4B1.1"); see also United States v. Tingle, 524 F.3d 839 (8th Cir. 2008) ("[T]he Sentencing Commission ... did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1, which is what set [the defendant's] sentencing range. Because [the defendant] was not sentenced based on a sentencing range that has

since been lowered, he has not met the eligibility requirements for a reduction of his sentence under § 3582(c)(2).").

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 167] is denied.

Dated:  September 25, 2015

s/David S. Doty  
David S. Doty, Judge  
United States District Court
